**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JAHEEM R. HILTS,

                 Plaintiff,

     v.                                     1:24-CV-0614 (AMN/ML)

ELLIS HOSP.; A NURSE, name unknown
at the moment at Ellis Hosp.; and
SHANTANU BAGHEL, D.O. Doctor
Provider at Ellis Hosp.,

                 Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

**Jaheem R. Hilts**
845 Broadway, Apt. 324
Schenectady, New York 12305
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

# I.    INTRODUCTION

On May 3, 2024, Plaintiff *pro se* Jaheem R. Hilts commenced this action using a form complaint that alleges that his civil rights were violated by Defendants Ellis Hospital, a nurse, and Shantanu Baghel (collectively "Defendants"). Dkt. No. 1. Plaintiff did not pay the filing fee and sought leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. This matter was referred to Magistrate Judge Lovric, who, on May 23, 2024, denied Plaintiff's motion for leave to proceed IFP on the ground that the application was incomplete. Dkt. No. 5. On June 3, 2024, Plaintiff filed a revised IFP application. Dkt. No. 6.

On July 25, 2024, Magistrate Judge Lovric issued an Order and Report-Recommendation (i) granting Petitioner's renewed IFP request; and (ii) recommending that Plaintiff's Complaint, Dkt. No. 1, be dismissed with leave to amend ("Report-Recommendation").   Dkt. No. 7. Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.   Dkt. No. 7 at 10.[1]   Plaintiff filed an objection on August 2, 2024.  Dkt. No. 8.

For the reasons set forth below, the Court rejects Plaintiff's objection and adopts the Report-Recommendation in its entirety.

## II.      STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of*

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts all aspects of the Report-Recommendation, finding no clear error therein.

Plaintiff has not raised a specific objection as to the background, the legal framework, or the analysis set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. Plaintiff's objection does not take issue with the Report-Recommendation's interpretation of the Complaint's allegations, including the Report-Recommendation's assumption that the unnamed hospital detailed in the Complaint is Ellis Hospital. *See* Dkt. No. 7 at 2 n.2. Nor does Plaintiff's objection take issue with the Report-Recommendation's reasoning regarding Plaintiff's failure to plausibly suggest Defendants are

state actors for purposes of sustaining an action under 42 U.S.C. § 1983.  *See* Dkt. No. 7 at 5.

Instead, Plaintiff's sole objection reiterates that Plaintiff "was not in The Mental Health System

[*sic*]," and that he "came from Colorado [*sic*] forced to take medications."  Dkt. No. 8.  These

factual allegations were included in the Complaint and were considered by Magistrate Judge

Lovric in the drafting of the Report-Recommendation.  *See* Dkt. No. 1 at 2.  Even construed

liberally, Plaintiff's objection merely "rehashes" the arguments and allegations found in the

Complaint, and thus, Plaintiff makes no specific objection.  *See Petersen*, 2 F. Supp. 3d at 228-29

& n.6 (collecting cases).

Therefore, finding no specific objection, this Court reviews the Report-Recommendation

for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory

Committee Notes: 1983 Addition).

The Court finds no clear error in Magistrate Judge Lovric's analysis.  In the Report-

Recommendation, Magistrate Judge Lovric appropriately applied the legal standard for review of

a *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B).  *See* Dkt. No. 7 at 3, 5 (citing, *inter alia*,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) and *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d

185, 191 (2d Cir. 2008)).  Magistrate Judge Lovric determined that the allegations in Plaintiff's

Complaint do not state a claim under 42 U.S.C. § 1983 because Defendants are private actors

whose conduct is "beyond the reach of § 1983."[2]  Magistrate Judge Lovric also determined that

Plaintiff fails to plead facts capable of suggesting the private Defendants' actions should be treated

as those of the State itself for purposes of maintaining an action under 42 U.S.C. § 1983.[3]  The

---

[2] *See* Dkt. No. 7 at 7 (quoting *Revill v. Pratz*, 24-CV-2782, 2024 WL 1908587, at *4 (E.D.N.Y. May 1, 2024)).

[3] *See* Dkt. No. 7 at 6 (citing *Holyoke v. S.S.I.*, 23-CV-1557, 2024 WL 3063679, at *3 (N.D.N.Y. June 20, 2024), and *Elisens v. Auburn Cmty. Hosp.*, 19-CV-1236, 2021 WL 1027915, at *2 (N.D.N.Y. Mar. 17, 2021)).

Court agrees with this assessment of Plaintiff's Complaint under 42 U.S.C. § 1983.

Magistrate Judge Lovric expressed "serious doubts" that Plaintiff could amend the Complaint to assert actionable claims.  Dkt. No. 7 at 8.  Nevertheless, in deference to Plaintiff's *pro se* status, he recommended that Plaintiff's Complaint be dismissed with leave to amend.  *Id*. The Court agrees that Plaintiff should be granted an opportunity to amend the complaint.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.") (citation omitted); *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, No. 5:14-CV-0941 (GTS/DEP), 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) ("a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated'") (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).

Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.[4]

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED without prejudice and with leave to amend**; and the Court further

---

[4] The Court reiterates Magistrate Judge Lovric's admonition to Plaintiff that an amended complaint or submission to this Court must set forth specific allegations of fact indicating a deprivation of rights.  *See* Dkt. No. 7 at 8.

**ORDERS** that Plaintiff shall file an amended complaint within **THIRTY (30) DAYS** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.[5]

**IT IS SO ORDERED.**

Dated: <u>August 14, 2024</u>
      Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.

6

Dezarea W. v. Commissioner of Social Security, Not Reported in Fed. Supp. (2023)

2023 WL 2552452

2023 WL 2552452
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

DEZAREA W., Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

6:21-CV-01138 (MAD/TWD)
|
Signed March 17, 2023

**Attorneys and Law Firms**

DEZAREA W., P.O. Box 597, Oriskany, New York 13424, Plaintiff, pro se.

JASON P. PECK, ESQ., SOCIAL SECURITY ADMINISTRATION, 6401 Security Boulevard, Baltimore, Maryland 21235, Attorneys for Defendant.

**ORDER**

Mae A. D'Agostino, United States District Judge:

**\*1** On February 13, 2019, Plaintiff Dezarea W. ("Plaintiff") filed for Disability Insurance Benefits. *See* Dkt. No. 10 at 275, 188, 19. Plaintiff's claim was denied by the agency on May 23, 2019, and again upon reconsideration on August 19, 2019. *See id.* at 6, 144. Following hearings, on January 22, 2021, Administrative Law Judge ("ALJ") Robyn L. Hoffman issued an unfavorable decision. *See id.* at 16-18. Plaintiff appealed, and on August 16, 2021, the Appeals Council denied review. *See id.* at 6-9.

On October 20, 2021, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to review the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff submitted a brief arguing that the ALJ incorrectly addressed medical opinions and inconsistencies in the record. *See* Dkt. No. 15 at 1-2.[1] Defendant opposed the motion, arguing that Plaintiff's allegations regarding her pain are not supported by the record. *See* Dkt. No. 16 at 3-12. On February 13, 2023, Magistrate Judge Dancks issued a Report-Recommendation, recommending reversal of the Commissioner's decision and remand for further proceedings. *See* Dkt. No. 19 at 23-24.

Neither party has filed objections to the Report-Recommendation. When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

Having reviewed the Report-Recommendation, the Court concludes that Magistrate Judge Dancks correctly determined that the Court should reverse the Commissioner's decision and remand for further proceedings. Here, the ALJ impermissibly "cherry-picked" the records from Dr. Dhiman and other medical evidence, *see* Dkt. No. 10 at 25-28, "without providing relevant context and ignored many entries to the contrary in the RFC determination." *See* Dkt. No. 19 at 15. The ALJ did not provide a " 'logical bridge' " between the evidence and her conclusions as to Plaintiff's RFC. *See Gutowski v. Comm'r of Soc. Sec.*, No. 17-CV-1246, 2019 WL 2266796, *4 (W.D.N.Y. May 28, 2019) (quotation omitted). As Magistrate Judge Dancks noted, "[w]here [the court is] 'unable to fathom the ALJ's rationale in relation to the evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ,' [the court] will not 'hesitate to remand for further findings or a clearer explanation for the decision.' " *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (internal citations omitted). Therefore, remand is warranted for the ALJ to articulate how she relied on or rejected evidence, and how she reached Plaintiff's RFC determination. *See Estrella v. Berryhill*, 925 F.3d 90, 96-97 (2d Cir. 2019) (ordering remand "[w]hen viewed alongside the evidence of the ... nature of [Plaintiff's disability], the ALJ's two cherry-picked treatment notes do not provide 'good reasons' for minimizing [the treating physician's] opinion").

**IV. CONCLUSION**

Dezarea W. v. Commissioner of Social Security, Not Reported in Fed. Supp. (2023)
Case 1:24-cv-00614-AMN-ML   Document 9   Filed 08/14/24   Page 8 of 32
2023 WL 2552452

**\*2**  After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 19) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED,** and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Dancks' Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2023 WL 2552452

## Footnotes

1       Specifically, Plaintiff submitted a brief recounting that the Social Security Administration's medical expert Dr. Dhiman determined other physicians' opinions, including Dr. Finocchiaro's, the treating physician, to be correct. However, Plaintiff argues it was an error when Dr. Dhiman then contradicted these medical opinions in determining how long Plaintiff can sit, stand, and walk. *See* Dkt. No. 15 at 1-2; Dkt. No. 10 at 79. Magistrate Judge Therese Wiley Dancks construed the brief as arguing that the ALJ's Residual Functional Capacity ("RFC") determination was not supported by substantial evidence. *See* Dkt. No. 19 at 9.

**End of Document**                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Canady v. Commissioner of Social Security, Not Reported in Fed. Supp. (2017)

Case 1:24-cv-00614-AMN-ML   Document 9   Filed 08/14/24   Page 9 of 32

2017 WL 5484663

2017 WL 5484663
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Angela J. CANADY, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

1:17-CV-0367 (GTS/WBC)
|
Signed 11/14/2017

**Attorneys and Law Firms**

OFFICE OF STEPHEN J. MASTAITIS, JR., Counsel for Plaintiff, OF COUNSEL: STEPHEN J. MASTAITIS, ESQ., 1412 Route 9P, Saratoga Springs, New York 12866

SOCIAL SECURITY ADMINISTRATION OFFICE OF GENERAL COUNSEL–REGION II, Counsel for Defendant, OF COUNSEL: SUSAN J. REISS, ESQ., Special Assistant U.S. Attorney, 26 Federal Plaza, Room 3904, New York, New York 10278

**DECISION and ORDER**

HON. GLENN T. SUDDABY, Chief United States District Judge

**\*1** The above matter comes to this Court following a Report-Recommendation by United States Magistrate Judge William

B. Mitchell Carter, filed on October 4, 2017 recommending that the Commissioner's decision denying Plaintiff Social Security benefits be affirmed, and that Plaintiff's Complaint be dismissed. (Dkt. No. 15.) Objections to the Report-Recommendation have not been filed and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing all of the papers herein, including Magistrate Judge Carter's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. [1] Magistrate Judge Carter employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 15.) As a result, the Commissioner's decision denying Plaintiff Social Security benefits is affirmed, and Plaintiff's Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff Social Security benefits is **AFFIRMED**, and that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 5484663

**Footnotes**

1    When no objection is made to a report-recommendation, the Court subjects the report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**End of Document**                                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 3809920
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Shawn MACHICOTE, Petitioner,

v.

Robert E. ERCOLE, Superintendent, Respondent.

No. 06 Civ. 13320(DAB)(JCF).
|
Aug. 25, 2011.

*ADOPTION OF REPORT AND RECOMMENDATION*

DEBORAH A. BATTS, District Judge.

*I. BACKGROUND*

**\*1** Now before the Court is *pro se* Petitioner Shawn Machicote's November 20, 2006 Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction in New York State Supreme Court, New York County, for murder in the second degree. Petitioner alleges that: (1) his right to due process was violated by the admission into evidence of statements he made to detectives while incarcerated in North Carolina on unrelated charges; (2) his rights to a fair trial, due process, and equal protection were violated when the trial court overruled defense counsel's preemptory challenges against prospective jurors; and (3) his Sixth Amendment right to confront witnesses against him was violated by the introduction at trial of hearsay statements from a witness. (Report at 1.) On December 8, 2006, the Petition was referred to United States Magistrate Judge James C. Francis IV for a report and recommendation.

Judge Francis' January 18, 2008, Report and Recommendation (the "Report") recommends that Petitioner's habeas corpus Petition be denied. (Report at 1.) Specifically, Judge Francis recommends that the Petition be denied because: (1) statements Petitioner made while incarcerated in North Carolina were not made under coercion beyond the mere fact of imprisonment, and the state court's decision to admit those statements was not contrary to, and did not involve the unreasonable application of, clearly established federal law; (2) proper procedure was employed by the state court in overruling defense counsel's preemptory

challenges under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and preemptory challenges guaranteed by New York state law can not be challenged by federal habeas corpus review; and (3) in-court statements challenged by Petitioner were not hearsay because they were admitted to establish the witnesses state of mind, and review of the Petitioner's Confrontation Clause claim is barred because of procedural default during the state court proceedings. Petitioner filed untimely objections to Judge Francis' Report, which the Court will nevertheless consider.

For the reasons set forth below, Judge Francis' Report is adopted in its entirety, and Petitioner's Petition for the writ of habeas corpus is HEREBY DENIED.

*II. DISCUSSION* [1]

A. Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2); *accord* 28 U.S.C. s 636(b)(1)(C). The court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. *Wilds v. United Parcel Serv., Inc.,* 262 F.Supp.2d 163, 169 (S.D.N.Y.2003). A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

**\*2** "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* 2008 WL 4810043, at \*1 (S.D.N.Y. Nov.3, 2008); *see also Ortiz v. Barkley,* 558 F.Supp.2d 444, 451 (S.D.N.Y.2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original Petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Machicote v. Ercole, Not Reported in F.Supp.2d (2011)
2011 WL 3809920

The objections of *pro se* parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." *Howell v. Port Chester Police Station,* 2010 WL 930981, at *1 (S.D.N.Y. Mar.15, 2010) (citation omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.,* 2008 WL 2811816 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

On April 29, 2008, Petitioner filed untimely objections[2] to Judge Francis' Report (the "Objections"). Reading Petitioner's letter in the most lenient manner possible, Petitioner objects to Judge Francis' rejection of Petitioner's Confrontation Clause claim on the grounds that ineffective assistance of counsel cures the procedural default in that claim.

Petitioner did not object to Judge Francis' Report on *Miranda* and *Batson* claims and, accordingly, the Court will review these issues only for clear error. *Indymac Bank, F.S.B.,* 2008 WL 4810043, at *1. Because Petitioner objected to Judge Francis' recommendation on the Confrontation Clause claim, the Court will review that claim *de novo.* 28 U.S.C. § 636(b)(1)(C).

**B. Legal Standard**
Under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *accord Hoi Man Yung v. Walker,* 468 F.3d 169, 176 (2d Cir.2006); *Ernst J. v. Stone,* 452 F.3d 186, 193 (2d Cir.2006). The phrase, "clearly established Federal law," limits the law governing a habeas Petitioner's claims "to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin,* 549 U.S. 70, 74, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006) (quoting *Williams,* 529 U.S. at 365); *accord Hawkins v. Costello,* 460 F.3d 238, 242 (2d Cir.2006).

**\*3** "The 'unreasonable application' standard is independent of the 'contrary to' standard ... [and] means more than simply an 'erroneous' or 'incorrect' application" of federal law." *Henry v. Poole,* 409 F.3d 48, 68 (2d Cir.2005) (citing *Williams,* 529 U.S. at 410). A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identifies the governing legal rule, but applies it in an unreasonable manner to the facts of a particular case. *See Williams,* 529 U.S. at 413. The inquiry for a federal habeas court is not whether the state court's application of the governing law was erroneous or incorrect, but, rather, whether it was "objectively unreasonable." *Id.* at 408–10; *see also Aparicio v. Artuz,* 269 F.3d 78, 94 (2d Cir.2001) ("[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently. The state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable.").

Moreover, under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *see also Parsad v. Greiner,* 37 F.3d 175, 181 (2d Cir.2003) ("This presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell,* 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**C. Miranda Claim**
Judge Francis found that statements Petitioner made while incarcerated in North Carolina were not made under coercion beyond the mere fact of imprisonment, and the state court's decision to admit those statements was not contrary to, and did not involve the unreasonable application of, clearly established federal law. After reviewing Judge Francis' findings for clear error on the face of the record, the Court ADOPTS Judge Francis' recommendation that the Petitioner's

2011 WL 3809920

Petition for the writ of habeas corpus on this claim be DENIED.

D. *Batson* Ruling and Peremptory Challenges Claim

Judge Francis found that proper procedure was employed by the state court in overruling defense counsel's preemptory challenges under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and that peremptory challenges are guaranteed by New York state law, not federal law, and thus cannot be challenged under federal habeas corpus review. After reviewing Judge Francis' findings for clear error on the face of the record, the Court ADOPTS Judge Francis' recommendation that the Petitioner's Petition for the writ of habeas corpus on this claim be DENIED.

E. Confrontation Clause Claim

1. Procedural Default

**\*4** Judge Francis recommends that Petitioner's Confrontation Clause claim be barred because of procedural default during the state court proceedings, and even if Petitioner's Confrontation Clause claim was not barred, it would fail on the merits.

Petitioner contends that the admission of Stephanie Arthur's testimony regarding out of court statements identifying Petitioner as the shooter violated his Sixth Amendment right to confront witnesses against him.[3] The Respondent argues that this claim is procedurally defaulted because the Petitioner did not clearly raise it as an objection, on constitutional grounds, during trial.

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Cotto v. Hebert,* 331 F.3d 217, 238 (2d Cir.2003) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). A state procedural bar qualifies as an " 'independent and adequate' state law ground where 'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.' " *Levine v. Commissioner of Correctional Services,* 44 F.3d 121, 126 (2d Cir.1995) (quoting *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Here, the Appellate Division found Petitioner's Confrontation

Clause claim unpreserved because Petitioner's objection to Ms. Arthur's testimony failed to reference any constitutional grounds for the objection. *People v. Machicote,* 23 A.D.3d at 265, 804 N.Y.S.2d at 78 ("To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice.").

Under New York's contemporaneous objection rule, an issue is properly preserved for appellate review only if the party raised an objection at trial. N.Y. C.P.L. § 470.05(2). Even if there is an objection to the admission of testimony at trial, to preserve a constitutional claim grounded on the Confrontation Clause, New York law demands that counsel specify the constitutional dimension of the objection. *E.g., People v. Quails,* 55 N.Y.2d 733, 734, 431 N.E.2d 634, 635, 447 N.Y.S.2d 149, 150 (1981). "If a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with ... a '\* contemporaneous objection' rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review." *Peterson v. Scully,* 896 F.2d 661, 663 (2d Cir.1990); *see also Wainwright v. Sykes,* 433 U.S. 72, 82–86, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Garcia v. Lewis,* 188 F.3d 71, 78–79 (2d Cir.1999).

Here, Petitioner's trial counsel objected to Ms. Arthur's testimony at trial, but counsel made no mention of Petitioner's right to confront witnesses, or any constitutional grounds for his objection. Counsel's primary reason for objecting was only that Ms. Arthur could not independently identify Petitioner as the shooter and that her entire testimony should be stricken on that basis. (Tr. at 431–36). Therefore, the Appellate Division's holding that any constitutional claim was not preserved for review is not contrary to, or an unreasonable application of, clearly established federal law.

**\*5** A federal habeas court may not review a prisoner's claim if that claim was procedurally defaulted in state court "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Excuse of procedural default requires a showing that some external impediment actually prevented counsel from raising the claim. *McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A petitioner suffers actual prejudice if the outcome of the case would likely have been different had the alleged constitutional violation not occurred. *See Reed v.*

*Ross,* 468 U.S. 1, 12, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); *Trottie v. Mantello,* No. 98 Civ. 5581, 1999 WL 187202, at *4 (S.D.N.Y. April 6, 1999).

If the petitioner is unable to meet the cause and prejudice standard, his claim may still be heard if he can show that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. However, only in an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent," will "a federal habeas court grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496; *accord Spence v. Superintendent, Great Meadow Correctional Facility,* 219 F.3d 162, 170 (2d Cir.2000).

Here, Petitioner has not shown that either the "cause and prejudice" or "fundamental miscarriage of justice" exceptions apply. Petitioner cannot meet the cause and prejudice standard because Petitioner has proffered no compelling explanation for counsel's failure to make a constitutional objection to Ms. Arthur's testimony during trial. Nor is this an "extraordinary case" that has clearly "resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Consequently, Petitioner's Confrontation Clause claim is barred

2. Petitioner's Hearsay Claim Fails on the Merits

Even if the Petitioner's hearsay objection was sufficient to raise a Confrontation Clause claim, the claim would also fail on the merits. "It has long been the rule that '[s]o long as ... statements are not presented for the truth of the matter asserted, but only to establish a context ... the defendant's Sixth Amendment rights are not transgressed.'" *United States v. Paulino,* 445 F.3d 211, 216 (2d Cir.2006) (quoting *United States v. Barone,* 913 F.2d 46, 49 (2d Cir.1990)); *see also Rolland v. Greiner,* No. 02 Civ. 8403, 2006 WL 779501, at *3 (S.D.N.Y. March 27, 2006) (no Confrontation Clause violation when court admitted testimony of police detectives about a non-testifying co-defendant's statements inculpating Petitioner for the purpose of explaining what led detectives to interview defendant five years after crime). Since Ms. Arthur's statements were admitted only to show her state of mind and to establish a context for her identification of the Petitioner, there was no violation of the Petitioner's Sixth Amendment rights.

F. Newly Presented Ineffective Assistance of Counsel Claim

**\*6** Included with Petitioner's Objections was a copy of a motion to vacate judgment that Petitioner filed in state court, alleging ineffective assistance of counsel. Ineffective assistance of counsel can excuse procedural default at the state level, but the ineffective assistance of counsel claim must first be presented in state court. *See Edwards v. Carpenter,* 529 U.S. 446, 451–454, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *DiSimone v. Phillips,* 461 F.3d 181, 191 (2nd Cir.2006). At the time of his Report, Judge Francis noted that Petitioner's ineffective assistance of counsel claim was procedurally barred because Petitioner did not raise it during the state court proceedings. (Report at 37.) In an effort to cure that default, Petitioner filed a motion in state court to vacate his judgment on the grounds of ineffective assistance of counsel. While Petitioner's state court motion to vacate may have cured the procedural default in his ineffective assistance of counsel claim [4], Petitioner raises this argument for the first time in his Objections, despite the fact that in earlier filings Petitioner specifically denied any claim for ineffective assistance of counsel. (Opp'n to Respondent's Mem. Law at 2.)

The Court of Appeals for the Second Circuit has not decided whether a district court must consider a new legal argument raised for the first time in objections to a magistrate judge's Report and Recommendation. One U.S. District Court in Vermont, *Wells Fargo Bank N.A. v. Sinnott,* 2010 WL 297830, at *2 (D.Vermont), adopts the 11th Circuit's approach to new legal arguments, as described in *Williams v. McNeil,* 557 F.3d 1287, 1291 (11th Cir.2009) (holding that in order to preserve the efficiencies afforded by the Magistrates Act, a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.) [5]

Applying this standard here, the Court finds that it does not need to address Petitioner's new legal argument because: (1) Petitioner did not make an ineffective assistance of counsel argument before Judge Francis when he had the opportunity to do so; (2) the record indicates that Petitioner was satisfied with counsel; (3) Petitioner only attempted to bring an ineffective assistance of counsel claim after it was suggested in Judge Francis' Report as a possible cure to cure his Confrontation Clause claim's procedural default; (4) the Court is unaware of any intervening case or statute that has changed the state of the law regarding procedural default or ineffective assistance of counsel claims; (5) the resolution of the new legal issue raised here is not open to a serious question of law; and (6) efficiency and fairness lean strongly in favor of not considering Petitioner's new legal argument as

**Machicote v. Ercole, Not Reported in F.Supp.2d (2011)**
2011 WL 3809920

it would effectively eliminate any efficiencies gained through the Magistrates Act and would unfairly benefit Petitioner who changed his tactics after issuance of the magistrate judge's Report and Recommendation. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990–91 (1st Cir.1988) ("an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.")

**\*7** Finally, no manifest injustice will result by the Court declining to consider Petitioner's new argument. To prevail on an ineffective assistance of trial counsel claim, Petitioner must show: (1) that counsel's performance was deficient; and (2) actual prejudice to the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner would need to show that trial counsel's conduct fell "outside the range of professionally competent assistance" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner's state court motion to vacate judgment for ineffective assistance of counsel was denied, and it would be denied here as well. The record shows zealous representation of Petitioner by counsel at trial, and there is no indication that counsel's failure to object to Ms. Arthur's testimony on constitutional grounds

resulted in actual prejudice as the claim would still fail on the merits because the challenged statements by Ms. Arthur were not hearsay. *See supra.*

Thus, the Court declines to consider Petitioner's ineffective assistance of counsel claim raised for the first time in Petitioner's Objections to Judge Francis' Report.

### III. Conclusion

Having reviewed the January 18, 2008, Report and Recommendation of Magistrate Judge James C. Francis IV for clear error on the first two claims, and *de novo* on the third claim, the Court HEREBY APPROVES, ADOPTS, and RATIFIES the Report in its entirety, and Petitioner's Petition for the writ of habeas corpus is DENIED. The Clerk of the Court is directed to close the docket in this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 3809920

---

**Footnotes**

1    The Factual Background is set forth in detail in Judge Francis' Report and will not be reiterated here. (Report at 2–15.)

2    After being granted several extensions, Petitioner filed his Objections one day late, on April 29, 2008. Attached to his Objections was a copy of Petitioner's motion to vacate judgment pursuant to New York State C.P.L. § 440.1 that Petitioner filed in New York State Supreme Court. Petitioner requested a delay in ruling on the Report so that the state court could rule on his motion to vacate. On December 8, 2009, Petititioner wrote the Court asking of the status of his habeas petition. On January 16, 2009, the Supreme Court of the State of New York, New York County, denied Petitioner's motion under § 440.1 and there is no record of Petitioner appealing this decision.

3    Ms. Arthur was one of two witnesses that witnessed the shooting, but did not inform the authorities of what she saw until several months later. During trial, Ms. Arthur testified that she "didn't see him [Mr. Machicote] shoot the guy, but after a while, after I heard that it was the guy Shawn in the rap video, I put two and two together." (Tr.(2) at 431.) Defense counsel objected to the testimony of Ms. Arthur because she was "not testifying from her recollection," but instead from what she had heard from others. (Tr.(2) at 431–32.) The court refused to strike Ms. Arthur's testimony on this point, but instructed the jury that what Ms. Arthur heard

2011 WL 3809920

from others was admissible only insofar as it informed her mental state. (Tr.(2) at 437.) At that point, Mr. Petitioner's counsel moved for a mistrial, but the trial judge denied the motion. (Tr.(2) at 437.)

4    On June 30, 2008, Petitioner's state court motion to vacate judgment for ineffective assistance of counsel was denied because "defense counsel's representation, in the Court's view, was of a far higher level of effectiveness and competence than the minimal constitutional standard." *People v. Machicote,* No. 11169–94, denial of motion to vacate at 8 (N.Y.Sup.Ct.N.Y.Cnty.Crim.Term, Jan. 16, 2009). This Court can find no record of an appeal of the decision denying Petitioners motion to vacate.

5    The District Court of Vermont laid out a six factor test for determining if any new arguments should be allowed. *Wells Fargo,* 2010 WL 297830, at *3: "(1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered."

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Caldwell v. Petros, Not Reported in Fed. Supp. (2022)

Case 1:24-cv-00614-AMN-ML    Document 9    Filed 08/14/24    Page 16 of 32

2022 WL 16918287

2022 WL 16918287
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Boisey CALDWELL, Plaintiff,

v.

Gerald J. PETROS, et al., Defendants.

1:22-cv-567 (BKS/CFH)
|
Signed November 14, 2022

**Attorneys and Law Firms**

Plaintiff pro se: Boisey Caldwell, Bronx, NY 10452-7116.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, Chief United States District Judge:

**I. INTRODUCTION**

**\*1** Plaintiff pro se Boisey Caldwell brought this "Attorney Malpractice" action against Defendants Gerald J. Petros, Chritine K. Bush, and James Barrier on May 27, 2022. (Dkt. No. 1). The Complaint was referred to United States Magistrate Judge Christian F. Hummel who, on October 28, 2022, issued a Report-Recommendation and Order granting Plaintiff's application for leave to proceed in forma pauperis and recommending that the Complaint be dismissed with prejudice. (Dkt. No. 7, at 1, 6–7 (noting that this is the third case Plaintiff has filed against Defendant Barrier alleging "the same frivolous claims" (citing *Caldwell v. Barrier*, No. 1:19-cv-1516 (BKS/CFH) (N.D.N.Y. 2019) ("2019 Action"); *Caldwell v. James J. Barrier, et al.*, No. 1:04-cv-0036 (DNH/RFT) (N.D.N.Y. 2004) ("2004 Action"))).

Plaintiff has filed a response to the Report-Recommendation. (Dkt. No. 8). For the reasons set forth below, Report-Recommendation is adopted in its entirety.

**II. STANDARD OF REVIEW**

This Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that

the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal...." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

**III. DISCUSSION**

Magistrate Judge Hummel recommended that Plaintiff's Complaint be dismissed with prejudice because "[i]t is clear from review of plaintiff's complaints in this action, that plaintiff is yet again attempting to bring a case involving the same defendant and same frivolous claims." (Dkt. No. 7, at 6–7 (citing 2019 Action and 2004 Action)). Magistrate Judge Hummel explained that Plaintiff's 2019 Action and 2004 Action both named Defendant Barrier, raised the same legal malpractice issues Plaintiff asserts in the present Complaint, and were dismissed with prejudice. (Dkt. No. 7, at 6–7 (citing 2019 Action, Dkt. No. 4, at 6 ("[P]laintiff may not attempt to bring a new action to raise these claims against the same defendant."))).

**\*2** Magistrate Judge Hummel also concluded that even if Plaintiff's claims had not been dismissed previously, they failed to allege a plausible claim for relief. (Dkt. No. 7, at 7–8). Specifically, Magistrate Judge Hummel found that: Plaintiff's allegations regarding Defendant Barrier's alleged violation of Plaintiff's Fifth, Seventh, and Fourteenth Amendment rights failed to state a claim under 42 U.S.C. § 1983 because "Barrier, as an attorney, was not acting under the color of state law," (Dkt. No. 7, at 7 (citing Dkt. No. 1, at 2–3)); Plaintiff's allegations that Defendant Barrier violated attorney rules of professional conduct "do not form a basis of a constitutional claim," (*id.* at 8); the statute of limitations precluded any state law legal malpractice claims "given that the legal representation occurred in the mid-1990s," (*id.* at 7; *see* Dkt. No. 1, at 17 (referring to *Caldwell v. Tschante et*

2022 WL 16918287

*al.*, Nos. 96-cv-0353, 96-cv-0358, 96-cv-0359, 96-cv-0360));
and Plaintiff does not refer to Defendants Petros or Bush
outside the caption of the Complaint and has not articulated a
plausible basis for liability against them, (Dkt. No. 7, at 7–8).

In his response to the Report-Recommendation, (Dkt. No. 8
(docketed as an "Objection")), Plaintiff provides additional
details about the facts underlying the lawsuit in which
Defendant Barrier was involved, (*see, e.g.*, *id.* at 5 (referring
to *Caldwell v. Tschantre et al.*)), and Defendant Barrier's
alleged misconduct, (*see id.* at 7 ("Barrier violated the law
governing lawyers when he took the case without following
the Rules of Federal Procedure.")). Plaintiff's submission
does not reference the Report-Recommendation or identify
any objection to the analysis in the Report-Recommendation.
Plaintiff has thus failed to preserve an objection, and the
Court's review is for clear error. Having reviewed the Report-
Recommendation for clear error and found none, the Court
adopts the Report-Recommendation in its entirety.

In adopting the Report-Recommendation, the Court also
adopts Magistrate Judge Hummel's admonition: any attempt
"to bring future actions before this Court involving the same
claims and defendant or other frivolous arguments" may
result in the issuance of an order to show cause why a pre-
filing order enjoining Plaintiff from filing pro se any future
pleadings, documents, or motions in the Northern District of
New York without prior permission of the Chief Judge or his
or her designee. (Dkt. No. 7, at 9).

## IV. CONCLUSION
For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-
Recommendation (Dkt. No. 7) is **ADOPTED** in all respects;
and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
**DISMISSED** in its entirety **WITH PREJUDICE**; and it is
further

**ORDERED** that any appeal from this matter would not be
taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and
it is further

**ORDERED** that the Clerk serve a copy of this Order on
Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2022 WL 16918287

---

**End of Document**                              © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 1908587
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Monica REVILL, Plaintiff,

v.

Erik PRATZ, Police Officer, Badge #30562; Christian
Tate Wegener, Physician Assistant; Maxwell Scott
Withorn, Registered Nurse; Mark Rydzewski, Doctor
of Osteopathic; Jessica E. Pooran, Registered Nurse;
John Doe # 2, Queens Hospital Staff; John Doe #
3, Queens Hospital Staff; Taurean Dwight Howard,
Medical Doctor; Denesha C. Findley, Physician
Assistant; Christian Chudi Eyiuche, Medical Doctor;
and John Doe # 1, Queens Hospital Staff, Defendants.

24-CV-2782 (AMD) (JAM)
|
Signed May 1, 2024

## MEMORANDUM DECISION AND ORDER

ANN M. DONNELLY, United States District Judge:

**\*1** On April 11, 2024, the *pro se* plaintiff filed a
downloadable form complaint titled "Complaint for Violation
of Civil Rights," as well as a motion to proceed *in forma
pauperis*. (ECF Nos. 1, 2.) The complaint does not describe
the requested relief or assert a basis to invoke the Court's
jurisdiction. The plaintiff's *in forma pauperis* application
is granted for the limited purpose of this Order. For the
following reasons, the Court dismisses the complaint *sua
sponte* with leave to amend.

## BACKGROUND

On April 11, 2021, the plaintiff's "motor functions shut down"
and she needed to go to the hospital "to find out if there
was a date rape substance in [her] system;" she told her
husband to "call EMS and the police." [1] (ECF No. 1 at 10.)
When the police arrived, the plaintiff told them that she had
been drugged. (*Id.*) The police then "cut off the ignition
to [her] parked car" and gave her keys "to Police Officer
Erick Pratz." (*Id.*) Pratz also "took [the plaintiff's] purse and
searched it." (*Id.* at 10, 12–13.)

The plaintiff went to the hospital, [2] where "Pratz started
screaming 'DO YOU THINK YOU'RE SAFE.' " (*Id.* at
10.) Pratz "immediately ran up to [physician's assistant] Tate
Wagener and falsely claim[ed] that [the plaintiff] refused
to give [her] name." (*Id.* at 10–11.) Wegener "falsely
designat[ed] [the plaintiff] as a danger to [her]self and others"
without speaking to the plaintiff, evaluating her medical
condition, or seeking her consent to treatment. (*Id.* at 14.) The
plaintiff says that Pratz, "having access to [her] vehicle and
aware of [her] Bronx purchases, fabricated [the prehospital]
narrative and relayed it to Wagener and [another doctor who
signed the consent for treatment]." (*Id.* at 12–13.) Pratz also
allegedly covered his cell phone with a latex glove and
recorded the plaintiff. (*Id.* at 11.)

The plaintiff "attempted to call her husband" and remove
the "stretch cot straps with the intention of using the
restroom." (*Id.* at 12.) At this point, "RN Weithorn turn
around and screamed 'OH MY GOD! SHE'S AWAKE, NO
YOU CAN'T LEAVE;' " the hospital staff "attacked" her and
"Withorn [3] ran towards [her] with a pointed needle in the air
and stabbed [her] in the upper right neck and back." (*Id.*). The
plaintiff "was rendered unconscious from approximately 6:42
am to 12:30 pm." (*Id.* at 12.) During that time, the plaintiff
says, Wegener searched her purses, got access to her medical
records, undressed her, and "injected [her] with a circular
multi pin needle in [her] upper left thigh ...." (*Id.*) [4]

**\*2** The plaintiff claims Mark Rydzewski, Jessica Pooran,
Denesha Findley, and Chudi Eyiuche, whom she identifies
as medical staff, "did not assess or evaluate [her] medical
condition." (*Id.* at 13.) However, the plaintiff also alleges:
Rydzewski "said [the plaintiff] appeared to be under the
influence of a substance with erratic and violent behavior;"
Pooler reported that at 11:48 a.m., the plaintiff had a stroke
and seizure and fell off of her bed; at 11:53 a.m., Findley
and Eyiuche "said [the plaintiff] was standing up" and
"consented to a psychiatric evaluation;" Findley also retrieved
the plaintiff's home phone number from her cellular phone,
called the plaintiff's husband, and asked him questions about
the plaintiff's psychiatric history. *Id.* at 13–14.

The plaintiff says she woke up at a 12:30 p.m. [5] "in a different
room from where the attack took place." (*Id.* at 14.) Around
3:00 p.m., one of the plaintiff's friends arrived and Registered
Nurse Jijo Jacob told the plaintiff that she could leave. As
she was walking out of her room "to call the Police Precinct

to get [her] car keys from Officer Pratz [sic], Police officer Mortimor yelled 'NO YOU CAN'T LEAVE.' " (*Id.*) Dr. Taurean Dwight Howard "ran up" to the plaintiff and her friend in the hallway "yelling, and pointing at [the plaintiff's] swollen left hand" and said, 'Look what happened between you and the police,' falsely accusing [her] of fighting the Police." (*Id.* at 14.)

On April 12, 2021, the plaintiff "lodged a verbal complaint with Ms. Bipasha Haque from Patient Relations NYC Queens Hospital" about the alleged attack on the ambulance stretcher. (*Id.* at 16.) When the plaintiff said she was injured, Haque asked if she was "going to sue." (*Id.*)

On April 14, 2021, the plaintiff requested medical records from "Queens HIM."[6] (*Id.* at 15.) On April 16, 2021, the plaintiff spoke with Dr. Howard, who told her that she "was a danger to [her]self and others," and he and the hospital staff "treated [her] accordingly." (*Id.*) On May 4, 2021, the plaintiff received a partial medical record, which included lab results. (*Id.*) The plaintiff requested additional records but says she has not received the full record of treatments, clinical notes, or medication documentation. (*Id.*)

On May 1, 2021, the plaintiff went to St. Luke's Hospital in Utica, New York. (*Id.* at 18.) She says that "[u]nbeknownst to [her], [a physician's assistant] repeated the drug test PA Wegener of Queens hospital conducted on April 11th, without [her] consent or explanation. Given that PA Wegener of Queens hospital initially ordered the drug test, it can be inferred that there was communication between them regarding the repetition." (*Id.*)

## LEGAL STANDARD

A *pro se* plaintiff's complaint must be "liberally construed, and ... however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). However, the district court must dismiss an *in forma pauperis* complaint if it "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). Further, if the Court "determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

**\*3** In addition, Rule 8 of the Federal Rules of Civil Procedure instructs that the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted); *Komatsu v. City of New York*, No. 20-CV-7046, 2021 WL 3038498, at \*5 (S.D.N.Y. July 16, 2021) (noting that "length is only one consideration under Rule 8," and other issues include "redundancy and frequent frolics into seemingly irrelevant materials [which] inhibit the Court and Defendants' ability to understand the nature of many of the issues he has raised."). Dismissal of a complaint for failure to comply with Rule 8 is generally reserved for cases where the complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42. This standard is applied with special lenience to *pro se* pleadings. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

Finally, 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." "A case aris[es] under federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513

(2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.' " *Id.* at 513 n.10. Although courts *hold pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *pro se* litigants must still establish subject matter jurisdiction. *See, e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp.2d 539, 541–42 (E.D.N.Y. 1999).

## DISCUSSION

### I. Section 1915 and Rule 8

The complaint, construed liberally, does not "disclose sufficient information to permit the defendant[s] to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). The plaintiff did not complete the sections of the form complaint that ask for the jurisdictional basis for the plaintiff's claims, the location of the alleged violations, or the requested relief —nor does the plaintiff's appended narrative provide these details. This alone is a sufficient basis for dismissal. *See Koso v. Haegele*, No. 18-CV-4400, 2018 WL 6531496, at *1–2 (E.D.N.Y. Dec. 11, 2018) (dismissing *sua sponte* where "[the p]laintiff ... left blank the entire section of the form complaint relating to the basis for this Court's jurisdiction" and did not otherwise "identify any federal law pertaining to her claims"); *see also Clarkes v. Hughes*, No. 17-CV-961, 2018 WL 5634932, at *3 (E.D.N.Y. Oct. 30, 2018) (dismissing allegations of constitutional violations for lack of subject matter jurisdiction); *cf. Villatoro v. Toulon*, No. 22-CV-109, 2022 WL 493181, at *3 (E.D.N.Y. Feb. 17, 2022) (dismissing Section 1983 claim because "there are no factual allegations in the complaint concerning any conduct or inaction" by the defendant).

**\*4** Further, the plaintiff does not explain how the allegations in the complaint amount to a constitutional violation. She claims that Pratz, a police officer, searched her purse without her consent and then provided false information to the hospital staff. She also says that Wegener searched her purse and accessed her medical records. She suggests that Pratz and Wegener were looking for identifying information and medical information; however, she does not explain how this departs from routine hospital procedure and treatment, and

there are no additional facts to suggest that these alleged searches were improper.

The plaintiff also claims that Wegener and Weithorn gave her injections, and that certain hospital staff deemed her to be "a danger to herself and others." (*Id.* at 14.) She appears to have been discharged from the hospital later that same day. The plaintiff's only claims against Rydzewski, Pooran, Findley, Eyiuche, and Jacob are that they made notes in her medical records but did not "assess or evaluate" her medical condition. (*Id.* at 13–14.) Finally, she names four John Doe defendants, but she does not describe how these individuals are involved or why their conduct is actionable. The plaintiff says that she did not consent to treatment, but does not explain how these allegations amount to a constitutional violation.

These deficiencies justify dismissal under both § 1915(e)(2)(B) and Rule 8. *Chavez v. Cause Yall Took My Phone I Don't Know Their Names*, No. 21-CV-8526, 2021 WL 5401485, at *1 (S.D.N.Y. Nov. 16, 2021) ("The complaint does not contain a single fact suggesting that [the plaintiff] can state a viable claim that falls within the Court's jurisdiction."); *Hodge v. New York Unemployment*, No. 24-CV-1631, 2024 WL 1513643, at *1 (E.D.N.Y. Apr. 8, 2024); *see also Salahuddin*, 861 F.2d at 42.

### II. Section 1983

If the plaintiff intends to pursue a claim under 42 U.S.C. § 1983, the conduct alleged must have "been committed by a person acting under color of state law," and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) ("To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law."); *Schiff v. Suffolk Cnty. Police Dep't*, No. 12-CV-1410, 2015 WL 1774704, at *5 (E.D.N.Y. Apr. 20, 2015).

Here, the plaintiff does not allege facts sufficient to show that the defendants acted in concert with state actors in furtherance of an unconstitutional act. She does not explain how the actions of seemingly private parties—the hospital staff members—are attributable to the state in any way. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, (1999); *cf. Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if,

though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' ") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). And in fact, hospitals and hospital staff are "generally not considered" state actors. *Anthony v. Med. Staff at Inst.*, No. 16-CV-1122, 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016) (quoting *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010)); *see Kia P. v. McIntyre*, 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] Hospital was not a state actor when it provided medical care to [plaintiff]."); *Jones v. Beth Israel Hosp.*, No. 17-CV-3445, 2018 WL 1779344, at *5 (S.D.N.Y. Apr. 12, 2018) (dismissing § 1983 claims against hospital and noting that "[i]t is well established that private conduct is not controlled by Section 1983, unless the private entity's challenged actions are fairly attributable to the state."); *Abdul-Rahman v. Brooklyn Hosp. Ctr.*, No. 10-CV-1697, 2010 WL 1838607, at *1 (E.D.N.Y. Apr. 30, 2010) ("[Brooklyn Hospital] is a private entity and its employees are private parties, not state actors.").

**\*5** Even assuming that Pratz, the only defendant who is not employed by the hospital, violated her constitutional rights, the plaintiff must explain how the private parties are "jointly engaged" in that conduct. *See, e.g.*, *Betts v. Shearman*, 751 F.3d 78, 85 (2d Cir. 2014) ("Where ... a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not jointly engaged in the officer's conduct so as to render it a state actor under Section 1983." (quoting *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999))). She does not do so here. The plaintiff is therefore on notice of Section 1983's requirements should she choose to amend her complaint.

### III. *In Forma Pauperis* Application

Finally, the plaintiff's application to proceed *in forma pauperis* is incomplete. The plaintiff says that she is unemployed and has no income or cash. (ECF No. 2 at 1, 3.) However, she owns a car valued at $15,000 and makes monthly mortgage payments of $300 a month. (*Id.* at 3.) She also reports a "school loan" to Nelnet [7] in the amount of $70,000. *Id.* The application does not explain how the plaintiff makes her house and student loan payments, or how she affords basic necessities, given her reported income.

If she chooses to amend the complaint, the plaintiff must file the Long Form *in forma pauperis* application and include sufficient financial information to establish that she is "unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (A litigant qualifies to proceed *in forma pauperis* if she "cannot because of his poverty pay or give security for" the costs of filing "and still be able to provide himself and [his] dependents with the necessities of life."); *Bey v. Queens Cnty., Supreme Cts.*, No. 19-CV-2038, 2019 WL 11690197 (E.D.N.Y. May 1, 2019) (dismissing the action without prejudice where the plaintiffs did not pay the filing fee or submit an adequate *in forma pauperis* application). The plaintiff says that she has no income or other assets. However, she does not explain how she makes her house payments or pays for the necessities of daily living. If the plaintiff's husband is providing financial support, that support is relevant to her claim of indigency; the Long Form application allows both spouses to provide their relevant financial information.

### CONCLUSION

For these reasons, the complaint is dismissed. The Second Circuit has advised that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, where a court does not find that the complaint, liberally construed, "suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded," but instead that "[t]he problem with [the plaintiff's] causes of action is substantive [and] better pleading will not cure it," "[r]epleading would ... be futile" and leave to replead "should be denied." *Id.* (citing *Hunt v. All. N. Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir. 1998)).

The Court has carefully considered the allegations in the complaint and, out of an abundance of caution, grants the plaintiff leave to amend within 30 days. However, as explained above, the plaintiff must provide a "short and plain statement" of facts sufficient to demonstrate how the defendants violated her constitutional rights. The plaintiff is also on notice of the requirements to pursue a § 1983 claim. If the plaintiff chooses to amend without addressing the deficiencies identified in this Order, or does not amend

within the time allotted, the Court will dismiss the complaint without a second chance to amend and close the case.

 **\*6**  The plaintiff is advised that the amended complaint will replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order: 1:24-CV-2782 (AMD) (JAM). For free, limited-scope legal assistance, the plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

**SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 1908587

## Footnotes

1    The plaintiff does not identify where this incident took place.

2    The plaintiff does not identify which hospital, although it appears that the plaintiff went to a hospital in Queens, New York. (ECF No. 1 at 15 ("On April 14, 2021, I requested a copy of my entire medical record from Queens HIM and did not receive it.").)

3    The plaintiff spells the defendants' names in different ways throughout the complaint.

4    She also says that the hospital staff gave her "additional" injections, but these "medications and treatments are absent from [her] medical record." (ECF No. 1 at 12.)

5    It is not clear from the complaint how she "consented to a psychiatric evaluation at 11:53 a.m." (*id.* at 13), but did not wake up until noon.

6    It is not clear what the plaintiff means by "Queens HIM."

7    Nelnet is a student loan services organization. *See* Nelnet Landing Page, https://nelnet.com/ (last visited May 1, 2024).

**End of Document**                                                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 3063679
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gary Arthur HOLYOKE, Plaintiff,

v.

S.S.I., et al., Defendants.

6:23-CV-1557 (MAD/MJK)
|
Signed June 20, 2024

**Attorneys and Law Firms**

GARY ARTHUR HOLYOKE, 13 Lennon Place, Whitesboro,
New York 13492, Plaintiff, pro se.

**ORDER**

Mae A. D'Agostino, United States District Judge:

 **\*1** On December 12, 2023, Plaintiff Gary Arthur Holyoke
commenced this action, *pro se*, by filing a complaint and a
motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos.
1, 2. On January 2, 2024, Magistrate Judge Andrew T. Baxter
issued an Order and Report-Recommendation granting
Plaintiff's IFP motion and recommending that Plaintiff's
complainant be dismissed without prejudice and with leave
to amend as to Defendants City of Utica and Oneida County.
*See* Dkt. No. 7. Magistrate Judge Baxter recommended
dismissing Plaintiff's complaint without prejudice but without
leave to amend as to all other Defendants. *See id.* Plaintiff
objected to Magistrate Judge Baxter's Order and Report-
Recommendation, filed a notice of change of address, and
amended his complaint on February 12, 2024. *See* Dkt. Nos.
14, 15, 16.

On February 20, 2024, the Court adopted Magistrate Judge
Baxter's Order and Report-Recommendation in its entirety
and granted Plaintiff leave to amend his complaint as to
Defendants City of Utica and Oneida County. *See* Dkt. No.
17. The Court also ordered that Plaintiff's amended complaint
be referred to Magistrate Judge Mitchell J. Katz for review
pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See id.*

As Plaintiff's amended complaint was prepared without the
benefit of the Court's February Order, Magistrate Judge Katz
granted Plaintiff forty-five days to amend his complaint. *See*

Dkt. No. 19. On March 27, 2024, Plaintiff filed a second
amended complaint. *See* Dkt. No. 20. Magistrate Judge
Katz issued a Report-Recommendation on April 26, 2024,
recommending that Plaintiff's second amended complainant
be dismissed with prejudice and without leave to amend. *See*
Dkt. No. 21. On May 6, 2024, Plaintiff filed objections. *See*
Dkt. No. 22. Plaintiff's objections are one page and state as
follows:

> I object to this case being dismissed
> due to the fact of over thirty years of
> doctors holding me against my will
> and causing the loss of the prime of
> my life by alot [sic] of false beliefs
> and accusations that took up to[o]
> much time of my life that I am due
> compensation.

Dkt. No. 22.

"When only a *general* objection is made to a portion of a
magistrate judge's report-recommendation, the Court subjects
that portion of the report-recommendation to only a clear error
review." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684
(N.D.N.Y. 2015) (citing FED. R. CIV. P. 72(b)). After the
appropriate review, "the court may accept, reject, or modify,
in whole or in part, the findings or recommendations made by
the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review
his complaint under a more lenient standard. *See Govan
v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003).
The Court must make "reasonable allowances to protect
*pro se* litigants from inadvertent forfeiture of important
rights because of their lack of legal training." *Traguth v.
Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document
filed *pro se* is 'to be liberally construed,' ... and 'a *pro se*
complaint, however in artfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.
Gamble*, 429 U.S. 97, 106 (1976)) (internal citation omitted).
"Although the court has the duty to show liberality towards
pro se litigants, ... there is a responsibility on the court to
determine that a claim has some arguable basis in law before
permitting a plaintiff to proceed with an action in forma
pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34
(N.D.N.Y. 1994) (internal citations omitted).

**\*2** Having reviewed Magistrate Judge Katz's Report-Recommendation, Plaintiff's second amended complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Katz's recommendations.

Magistrate Judge Katz correctly determined that Plaintiff's second amended complaint should be dismissed as against Mohawk Valley Community Services, Scott Buddle, Jeremy Dawes, "workers of the 9th floor," Dr. Westmoreland, Dr. Lynwynn Wynn, Bob Michelle, and the "other case managers" for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 21 at 4. To properly assert a claim, a plaintiff must allege some act or omission on the part of each defendant that gives rise to the alleged deprivation. *See Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, \*2 (S.D.N.Y. July 9, 1998) (finding dismissal to be proper when the complaint only included the defendant's name in the caption and did not allege personal involvement of the defendant); *Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, \*2 (S.D.N.Y Mar. 16, 1998) (same). Because Plaintiff only named the aforementioned Defendants in his case caption, but failed to articulate facts supporting a cause of action against them in the body of his complaint, Magistrate Judge Katz's correctly concluded that the second amended complaint must be dismissed against those Defendants. *See* Dkt. No. 21 at 3.

Magistrate Judge Katz was also correct in his determination that Plaintiff's allegation of discrimination should be dismissed for his failure to comply with Rule 8. *See id.* at 4. "The Second Circuit has found dismissal appropriate pursuant to Rule 8 when a complaint is 'unintelligible' and fails to 'explain[ ] what conduct constituted the violations, which defendants violated which statutes ... or how the alleged violations harms [the plaintiff].' " *Vantone Group LLC v. Yangpu NGT Indus. Co.*, No. 13-CV-7639, 2015 WL 4040882, \*4 (S.D.N.Y. July 2, 2015) (quoting *Strunk v. U.S. House of Representatives*, 68 Fed. Appx. 233, 235 (2d. Cir. 2003)) (alterations in original). Thus, Plaintiff's general allegation of "discrimination" by "different services" does not sufficiently set forth a claim under Rule 8. Dkt. No. 20 at 13. The Court agrees with Magistrate Judge Katz's recommendation that this purported claim must be dismissed for failure to state a claim. *See* Dkt. No. 21 at 5.

Next, Magistrate Judge Katz states, as this Court set forth in its February Order, that in order to bring a claim under 42 U.S.C. § 1983, Plaintiff must plead state action. *See* Dkt.

No. 17 at 3; Dkt. No. 21 at 5; *see also Sybalski v. Indep. Grp. Home Living Program, Inc.* 546 F.3d 255, 257 (2d Cir. 2008); *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). As explained in this Court's February Order, Mohawk Valley Health System is a private healthcare organization. *See* Dkt. No. 17 at 3. As such, Wynn Medical Center, operating under Mohawk Valley Health System, is a private actor. Plaintiff failed to allege that Wynn Medical Center is a state actor or engaged in any state action. Thus, Magistrate Judge Katz correctly found that Plaintiff failed to state a claim pursuant to § 1983. *See* Dkt. No. 21 at 5.

**\*3** Magistrate Judge Katz was also correct in his determination that Dr. Nalin Sinha, as a provider working in a private medical facility, generally would not be considered a state actor for purposes of § 1983. *See* Dkt. No. 21; *see also Estiverne v. Esernio*, 910 F. Supp. 2d 434, 443 (E.D.N.Y. 2012). Specifically, Magistrate Judge Katz explained that private hospitals and doctors are not state actors for purposes of § 1983 liability when engaging in their role under New York's civil commitment scheme. *See* Dkt. No. 21 at 6; *see also Okunieff v. Rosenberg*, 996 F. Supp. 342 (S.D.N.Y. 1998), *aff'd*, 166 F.3d 507 (2d Cir. 1999); *Elisens v. Auburn Cmty. Hosp.*, No. 5:19-CV-1236, 2021 WL 1027915, \*2 (N.D.N.Y. Mar. 17, 2021) (finding that a private physician was not acting under color of law when they involuntarily committed a patient to a psychiatric unit). The Court agrees with Magistrate Judge Katz's recommendation and concludes that Plaintiff's second amended complaint should be dismissed as against Defendants Wynn Medical Center and Dr. Sinha.

In its February Order, this Court dismissed Plaintiff's claims without leave to amend against Defendants I.R.S., S.S.I., and Medicare on sovereign immunity grounds. *See* Dkt. No. 17 at 3-4. Plaintiff attempted to reallege claims against these Defendants in his second amended complaint, *see* Dkt. No. 20 at 1, 9, and Magistrate Judge Katz correctly determined that such claims must be dismissed. *See* Dkt. No. 21 at 7.

In addressing Plaintiff's claim against Defendant Assertive Community Treatment team ("ACT team"), Magistrate Judge Katz found that the ACT team is an extension of the New York State of Office of Mental Health, and, as such, is an entity of the state. *See* Dkt. No. 21 at 8. Thus, he concluded that Plaintiff is barred by the Eleventh Amendment from bringing a suit against the ACT team in federal court. *See id.*; *see also Klestinez v. ACT Team*, No. 6:21-CV-696, 2021 WL 4086128, \*3 (citing *Limwongse v. New York State Office of Mental Health*, 249 Fed. Appx. 862, 862-63 (2d Cir. 2007)).

The Court finds no clear error in Magistrate Judge Katz's determination.

With regard to the individual ACT team member Defendants, the Court agrees with Magistrate Judge Katz's finding that the Plaintiff's second amended complaint fails to state a claim upon which relief can be granted and should be dismissed as to these Defendants. *See* Dkt. No. 17 at 9. Plaintiff failed to allege what conduct giving rise to a claim is attributable to each of the individual Defendants; therefore, Plaintiff has not set forth a plausible basis upon which he can bring claims against the individual members of the ACT team. *See* Dkt. No. 21 at 8; *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983' ") (quotation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Concerning an opportunity to amend, Magistrate Judge Katz recommended that Plaintiff not be given another opportunity to amend his complaint. *See* Dkt. No. 21 at 9. Leave to amend may be denied where a plaintiff has already been given leave to amend and has failed to cure identified deficiencies. *See Amrod v. YouGov*, No. 1:23-CV-1104, 2023 WL 8432314, *6 (N.D.N.Y. Dec. 5, 2023). Leave to amend may also be denied where it would be futile. *See Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2012).

As noted by Magistrate Judge Katz, Plaintiff has a history of filing frivolous actions in this Court and has been unable to articulate any plausible claim for relief in this action despite being afforded the opportunity to amend his complaint. *See* Dkt. No. 21 at 9. Thus, the Court denies Plaintiff further leave to amend.

**\*4** Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's second amended complaint (Dkt. No. 20) is **DISMISSED with prejudice and without leave to amend;** and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 3063679

---

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Elisens v. Auburn Community Hospital, Not Reported in Fed. Supp. (2021)

Case 1:24-cv-00614-AMN-ML   Document 9   Filed 08/14/24   Page 26 of 32

2021 WL 1027915

2021 WL 1027915
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Brent Allen ELISENS, Plaintiff,
v.
AUBURN COMMUNITY
HOSPITAL, et al., Defendants.

5:19-CV-1236 (LEK/TWD)
|
Signed 03/17/2021

**Attorneys and Law Firms**

Brent Allen Elisens, Bangor, ME, pro se.

Paul D. Jureller, Alicia M. Dodge, Erin P. Mead, Thorn Gershon Tymann & Bonanni, Albany, NY, for Defendant Auburn Community Hospital.

John D. Aspland, Fitzgerald Morris Baker Firth, P.C., Glens Falls, NY, for Defendants Colleen Curr, Cayuga County Mental Health, Dr. Michael Pratts, Faith Emerson.

Kevin E. Hulslander, Brady J. O'Malley, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY, for Defendant Dr. Ahmad Bilal.

**MEMORANDUM-DECISION AND ORDER**

Lawrence E. Kahn, U.S. District Judge

## I. INTRODUCTION

**\*1** Pro se plaintiff Brent Allen Elisens filed an action against Auburn Community Hospital ("ACH"), Colleen Curr, and Dr. Ahmad Bilal, a doctor employed at ACH (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff alleges that Defendants violated his constitutional rights and committed medical malpractice by committing him involuntarily pursuant to New York's Mental Health and Hygiene Law. See generally id.

Presently before the Court are motions to dismiss by ACH and Curr pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. Nos. 26 ("ACH's Motion to Dismiss"); 26-6 ("ACH's Memorandum of Law"); 30 ("Curr's Motion to Dismiss"); 30-2 ("Curr's Memorandum of Law"); 33 ("Plaintiff's Opposition to Curr's Motion to Dismiss"); 34

("Curr's Reply"). Plaintiff did not file an opposition to ACH's Motion to Dismiss. In addition, Bilal separately filed a motion for summary judgment. Dkt. Nos. 37 ("Bilal's Motion for Summary Judgment"); 37-5 ("Bilal's Memorandum of Law"); 39 ("Plaintiff's Opposition to Bilal's Motion for Summary Judgment"); 40 ("Bilal's Reply"). Lastly, Plaintiff submitted a fifth motion to appoint counsel. Pl.'s Opp'n to Bilal's Mot. for Summ. J. at 1. For the reasons that follow, the Court grants both motions to dismiss and dismisses the Complaint. The Court also dismisses Bilal's Motion for Summary Judgment and Plaintiff's motion to appoint counsel for lack of subject-matter jurisdiction.

## II. BACKGROUND

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015). Plaintiff's factual allegations are detailed in a previous Memorandum-Decision and Order, familiarity with which is assumed. See Dkt. No. 8 ("February 2020 Memorandum-Decision and Order") at 2. For convenience, the Court summarizes Plaintiff's allegations here.

On or about September 6, 2019, Plaintiff attempted to file a grievance against Curr, who works at Cayuga County Mental Health ("CCMH"), for refusing to order a student leave the room during an appointment. Compl. at 2. Plaintiff was told to return the following week. Id. When Plaintiff returned, Dr. Michael Pratts asked Plaintiff if he had been admitted to inpatient care before, and Plaintiff confirmed that he had. Id. Later that day, a New York State Trooper picked up Plaintiff for involuntary commitment to the psychiatric unit at ACH with a diagnosis of schizophrenia and delusional disorder. Id. Bilal examined Plaintiff the following day, made fun of him, and told him he would remain in the hospital for weeks. Id. Bilal and Curr ignored multiple forms of proof that Plaintiff provided that indicated he was not delusional, homicidal, or suicidal. Id.

Plaintiff asserts: (1) 42 U.S.C. § 1983 claims against Bilal related to his illegal seizure and denial of due process resulting from Plaintiff's involuntary confinement, and (2) New York State medical malpractice claims against Bilal, Curr, and ACH. See Compl. at 2–3; February 2020 Mem.-Decision and Order at 1–2.

## III. LEGAL STANDARD

**\*2** To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain

Elisens v. Auburn Community Hospital, Not Reported in Fed. Supp. (2021)

2021 WL 1027915

Case 1:24-cv-00614-AMN-ML    Document 9    Filed 08/14/24    Page 27 of 32

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S.Ct. 1955. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556, 127 S.Ct. 1955. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an adorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79, 129 S.Ct. 1937.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [T]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law....

Id. (internal citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, ... a court is obligated to construe his pleadings liberally.") (internal citations omitted).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers ... shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is "facially meritorious." See, e.g., Hernandez v. Nash, No. 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7–8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under the color of state law. See Vega, 801 F.3d at 87–88. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

ACH argues that Plaintiff's § 1983 claims should be dismissed because its doctor, Bilal, was not acting under the color of state law. ACH's Mem. of Law at 9–17. The Court agrees. Here, Plaintiff asserts § 1983 claims against Bilal for his involuntary commitment of Plaintiff to ACH's psychiatric unit. However, Plaintiff does not allege that Bilal was a state actor nor that he was acting under the color of state law. Because Plaintiff does not allege any facts to suggest that Bilal acted under state law or had any interaction or agreement with New York State, Plaintiff's § 1983 claims are dismissed. See Graham v. City of Albany, No. 08-CV-892, 2009 WL 4263510, at *13 (N.D.N.Y. Nov. 23, 2009) (dismissing a § 1983 action brought by a pro se plaintiff for failure to allege

Elisens v. Auburn Community Hospital, Not Reported in Fed. Supp. (2021)

2021 WL 1027915

that a private individual was acting under the color of state law where plaintiff "alleged no facts to suggest that [the private party] acted jointly with the [state] [d]efendants"); see also Doe v. Harrison, 254 F. Supp. 2d 338, 342–44 (S.D.N.Y. 2003) (dismissing a § 1983 suit against a private physician because there was no allegation that state officials compelled the private physician to hospitalize the plaintiff for twelve days).

**\*3** Defendants argue that there is no independent basis for federal jurisdiction over Plaintiff's state law medical malpractice claims if his § 1983 claims are dismissed. ACH's Mem. of Law at 17–19; see generally Curr's Mem. of Law. The Court again agrees. "In the interest of comity, the Second Circuit instructs that ... where federal claims can be disposed of ... courts should 'abstain from exercising pendent jurisdiction.' " Birch v. Pioneer Credit Recovery, Inc., No. 06-CV-6497, 2007 WL 1703914, at \*5 (W.D.N.Y. June 8, 2007) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986)). Using its discretion, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, because it "has dismissed all claims over which it has original jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); see also Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); Karmel v. Claiborne, Inc., No. 99-CV-3608, 2002 WL 1561126, at \*4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Plaintiff may file his malpractice claims in state court if he wishes.

Because the Court dismisses Plaintiff's § 1983 claims against Bilal and does not have jurisdiction over Plaintiff's remaining state law claims, the Court dismisses Bilal's Motion for Summary Judgment for lack of subject-matter jurisdiction. Additionally, the Court dismisses Plaintiff's fifth motion to appoint counsel for lack of subject-matter jurisdiction.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that ACH's's Motion to Dismiss (Dkt. No. 26) and Curr's Motion to Dismiss (Dkt. No. 30) are **GRANTED in their entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED;** and it is further

**ORDERED**, that Bilal's Motion for Summary Judgment (Dkt. No. 37) and Plaintiff's fifth motion to appoint counsel (Dkt. No. 39) are **DISMISSED**; and it is further

**ORDERED,** that the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2021 WL 1027915

---

Bruce v. Tomkins County Dept. of Social Services ex rel...., Not Reported in...
2015 WL 151029
Case 1:24-cv-00614-AMN-ML   Document 9   Filed 08/14/24   Page 29 of 32

2015 WL 151029
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Rudoph M. BRUCE, II, on behalf of
himself and his son, T.R.B., Plaintiff,
v.
TOMPKINS CNTY. DEP'T OF SOC. SERVS.,
through Kit KEPHART, Cmm'r; Jennifer M.
Donlan, Esq.; and Patricia A. Carey, Comm'r,
Tompkins Cnty. Dep't of Soc. Servs., Defendants.

No. 5:14–CV–0941 (GTS/DEP).
|
Signed Jan. 7, 2015.

**Attorneys and Law Firms**

Rudolph M. Bruce, II, Newfield, NY, pro se.

### DECISION and ORDER

GLENN T. SUDDABY, District Judge.

 **\*1** Currently before the Court, in this *pro se* civil
rights action filed by Rudolph M. Bruce, II, on behalf
of himself and his son T.R.B. ("Plaintiff") against the
above-captioned county and two individuals ("Defendants")
arising from a currently pending proceeding in Tompkins
County Family Court, are (1) United States Magistrate Judge
David E. Peebles' Report–Recommendation recommending
that Plaintiff's Complaint be dismissed without leave to
replead and without prejudice pursuant to the *Younger*
doctrine, and (2) Plaintiff's two-page Objection, which fails to
contain a specific challenge to the Report–Recommendation.
(Dkt.Nos .4, 5.) After carefully reviewing the relevant filings
in this action, the Court can find no clear error in the Report–
Recommendation: Magistrate Judge Peebles employed the
correct legal standards, accurately recited the facts, and
reasonably applied the law to those facts. As a result, the
Court accepts and adopts the Report–Recommendation for
the reasons stated therein. (Dkt. No. 4.) The Court would
add only that Magistrate Judge Peebles' thorough Report–
Recommendation would survive even a *de novo* review.

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Peebles' Report–
Recommendation (Dkt. No. 4) is **_ACCEPTED_** and
**_ADOPTED_** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is
**_DISMISSED_** without leave to replead and without prejudice.

The Court hereby certifies, for purposes of 28 U.S.C. §
1915(a) (3), that any appeal taken from the Court's final
judgment in this action would not be taken in good faith.

### REPORT, RECOMMENDATION, AND ORDER

DAVID E. PEEBLES, United States Magistrate Judge.

*Pro se* plaintiff Rudolph M. Bruce, II., purporting to act
on behalf of himself and his son, T.R.B., has commenced
this action against Tompkins County Department of Social
Services ("DSS") and two individuals, pursuant to 42 U.S.C.
§ 1983, alleging that the defendants have deprived him
and his son of their civil rights. Plaintiff's complaint and
accompanying application for leave to proceed *in forma
pauperis* ("IFP") have been referred to me for consideration.
For the reasons set forth below, I recommend that plaintiff's
complaint be dismissed without leave to replead.

### I. BACKGROUND

This action was commenced on July 28, 2014. Dkt. No. 1.
Plaintiff's complaint asserts claims on his behalf and on behalf
of his son, T.R.B., and names Tompkins County DSS, Kit
Kephart, Jennifer M. Donlan, Esq., and Patricia A. Carey as
defendants. *Id* . at 1–2. Plaintiff's complaint is accompanied
by an application for leave to proceed IFP. Dkt. No. 2.

In his complaint, plaintiff alleges that his son's First
Amendment right of free speech was infringed by the
defendants, who apparently took custody of T.R.B. and his
siblings [1] on or about June 17, 2014, based upon T.R.B.'s
statement that "he would rather be dead if he could not be with
his family." [2] Dkt. No. 1 at 5. The complaint suggests that,
prior to taking custody of T.R.B. and his siblings, Tompkins
County DSS investigated a complaint of alleged child neglect,
and proceedings before Honorable Joseph R. Cassidy, a
Tompkins County Family Court Judge, have commenced
regarding the custody of the children. *Id.* at 6.

Bruce v. Tompkins County Dept. of Social Services ex rel...., Not Reported in...

2015 WL 151029

Case 1:24-cv-00614-AMN-ML   Document 9   Filed 08/14/24   Page 30 of 32

**\*2** Liberally construed, plaintiff's complaint alleges that defendants have deprived him of his right to custody of his children under the First, Fourth, Fifth, and Fourteenth Amendments, and have deprived T.R.B. of his First Amendment right to free speech. *See generally* Dkt. No. 1. As relief, plaintiff seeks (1) return of his children to his custody and (2) Judge Cassidy's recusal from the pending family court matter in Tompkins County or removal of the matter to Broome County. *Id.* at 4, 7.

## II. *DISCUSSION*

### A. *Application to Proceed IFP*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application is granted.[4]

### B. *Sufficiency of Plaintiff's Claims*

#### 1. *Standard of Review*

Because I have granted plaintiff's motion to proceed *in forma pauperis,* I must review the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint,

notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States,* Nos. 99–MC–0304, 99–MC–0408, 1999 WL 1067841, at \*2 (D.Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998)); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan,* 49 F.3d. 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**\*3** When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank,* 162 F.R .D. 15, 16 (N.D.N.Y.1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Bruce v. Tomkins County Dept. of Social Services ex rel...., Not Reported in...

2015 WL 151029

Case 1:24-cv-00614-AMN-ML Document 9 Filed 08/14/24 Page 31 of 32

#### 2. *Analysis of Plaintiff's Claims*

It is clear from plaintiff's complaint that the claims asserted on his behalf and on behalf of T.R.B. directly relate to a pending proceeding before Judge Cassidy in Tompkins County Family Court regarding the custody of T.R.B. and his siblings. Dkt. No. 1 at 6. Pursuant to *Younger v. Harris,* 401 U.S. 37, 43–45 (1971), and its progeny, however, a federal district court does not have jurisdiction over an action seeking injunctive or declaratory relief "where '1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in state court.' " *Parent v. N.Y.,* 485 F. App'x 500, 503 (2d Cir.2012) (quoting *Liberty Mut. Ins. Co. v. Hurlbut,* 585 F.3d 639, 647 (2d Cir.2009)). The *Younger* doctrine "applies with equal force to [both criminal and] civil proceedings," including proceedings in family courts. *Parent,* 485 F. A'ppx at 503; *Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children,* 673 F.Supp. 1221, 1224 (S.D.N.Y.1987).

**\*4** In this case, it is clear from plaintiff's complaint that the three conditions necessary to establish *Younger* abstention are satisfied. First, as discussed above, there is an ongoing proceeding in Tompkins County Family Court concerning plaintiff and the custody of his children. Dkt. No. 1 at 6. Second, "[a] state plainly has an interest in the outcome of a child custody dispute adjudicated in its courts." *Grieve v. Tamerin,* 269 F.3d 149, 152–53 (2d Cir.2001). Turning to the third condition, "the relevant question under *Younger* is whether the state's procedural remedies could provide the relief sought not whether the state will provide the constitutional ruling which the plaintiff seeks." *Spargo v. N.Y. State Comm'n of Judicial Conduct,* 351 F.3d 65, 79 (2d Cir.2003) (quotation marks, alterations, emphasis omitted). Courts in this circuit have frequently concluded that a pending proceeding in state family court "affords ... adequate opportunity for judicial review of [a plaintiff's] constitutional claims." *Best v. City of N.Y.,* No. 12–CV–7874, 2014 WL 163899, at \*10 (S.D.N.Y. Jan. 15, 2014); *see also Hidalgo v. N.Y.,* 11–CV–5074, 2011 WL 5838494, at \*3 (E.D.N.Y.21, 2011); *Reinhardt v. Mass. Dep't of Soc. Servs.,* 715 F.Supp. 1253, 1257 (S.D.N.Y.1989).

Based upon the foregoing, I recommend that the court abstain from addressing any of the claims asserted in the plaintiff's complaint, all of which relate directly to the proceeding pending in Tompkins County Family Court.

#### C. *Whether to Permit Amendment*

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ( "The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

**\*5** In this case, the court is precluded from adjudicating the claims asserted in plaintiff's complaint on his behalf and on behalf of T.R .B. due to the pending proceeding in Tompkins County Family Court, and no amendment to the complaint could cure this defect. Accordingly, I recommend that plaintiff not be granted leave to replead. [5]

### III. *SUMMARU AND RECOMMENDATION*

A review of plaintiff's application for leave to proceed IFP reflects that he is eligible for that status. Because all of plaintiff's claims asserted both on his behalf and on behalf of T.R.B. relate to an ongoing proceeding in Tompkins County Family Court, however, I recommend that the court abstain from adjudicating any of them. Based upon the foregoing, it is hereby

ORDERED that plaintiff's leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint be DISMISSED without leave to replead and without prejudice.

**Bruce v. Tompkins County Dept. of Social Services ex rel...., Not Reported in...**
Case 1:24-cv-00614-AMN-ML    Document 9    Filed 08/14/24    Page 32 of 32
2015 WL 151029

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Filed Sept. 4, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 151029

## Footnotes

1    Plaintiff's complaint alludes to T.R.B.'s brother and sister, and plaintiff's IFP application indicates that plaintiff has three children. Dkt. No. 1 at 5; Dkt. No. 2 at 2.

2    Plaintiff's complaint does not disclose the age of T.R.B. Dkt. No. 1.

3    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed.Cl.2006); *see also Fridman v. City of N.Y.,* 195 F.Supp.2d 534, 536 n. 1 (S.D.N.Y.2002).

4    Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

5    It is worth noting that plaintiff is precluded from pursuing claims on behalf of his son, T.R.B., *pro se. See Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see also Fauconier v. Comm. on Special Educ.,* No. 02–CV–1050, 2003 WL 21345549, at *1 (S.D.N.Y. June 10, 2003). In the event my recommendation that plaintiff's complaint be dismissed without leave to replead is not adopted by the district judge, and any of the claims asserted on behalf of T.R.B. survive, plaintiff must first obtain legal representation to pursue those claims.

In addition, because Tompkins County DSS is not amenable to suit, *Hoisington v. Cnty. of Sullivan,* 55 F.Supp.2d 212, 214 (S.D.N.Y.1999), in the event any portion of the plaintiff's complaint survives review by the district judge, I recommend that Tompkins County be substituted as a defendant in the place of Tompkins County DSS.